WALTER WILMERING V. THE STATE.

No. 9572.   Delivered November 25, 1925.

**Sale of Intoxicating Liquor—Requested Charge—Properly Refused.**

> Where, on a trial for the sale of intoxicating liquor, appellant requested a charge that if the jury should find that any witness in the case was an accomplice, they could not convict on such witness' testimony unless same was corroborated, was properly refused. Such charge did not present a correct proposition of law, and was further insufficient in not pointing out the particular witness that the charge was directed to.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Umphries, Mood & Clayton,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the District Court of Potter County for selling intoxicating liquor, with punishment fixed at two years in the penitentiary, this appeal is taken.

The facts show a sale of five cases of intoxicating liquor by appellant to one Spencer. Spencer testified positively to the purchase of the whiskey and the payment therefor. The only complaint in the brief for appellant is of the failure to give special charge No. 2. Same in substance sought to have the jury told that if they believed from the evidence that any other witness in the case besides the purchaser had a guilty knowledge of the transaction under investigation, or participated in same, they could not convict on the testimony of such witness, unless there was other testimony in the case corroborative of his testimony tending to connect the defendant with the offense committed. Such a charge as this is wholly insufficient. It directs the attention of the jury to no witness and gives them no guide or direction by which they could determine to whom said charge sought application. No other witness in the case

testified to any matter in anywise affecting the sufficiency of the testimony of the State witness Spencer. Spencer said that after buying the whiskey from appellant he took it out and hid it in a pasture. The other State witnesses testified that at different times they saw this whiskey in the pasture. None of them claim to be concerned in or to have any knowledge of or connection with the alleged sale. They would not be accomplices in the transaction. We find no witness in the record to whom the rule of accomplice testimony could be applied.

Being unable to agree with appellant's contention, the judgment will be affirmed.

*Affirmed.*